USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/14/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEROME BARNETT,

                                  Plaintiff,

    -against-

WESTCHESTER COUNTY *et al.*,

                                  Defendants.

18-cv-2483 (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge:

    Plaintiff Jerome Barnett ("Plaintiff"), proceeding *pro se*, commenced this action on April 2, 2018 against Defendants Westchester County, Westchester County Department of Corrections Commissioner Kevin M. Cheverko, Aramark Correctional Services, LLC, Aramark Food Service Director Manual Mendoza, and Aramark Kitchen Civilians Charles, Coley, Penny, and Craig ("Defendants"). (ECF No. 1.) On July 12, 2019, Defendants filed a motion to dismiss the complaint, which was unopposed by Plaintiff. (ECF Nos. 36, 38.) On February 28, 2020, this Court issued an Opinion and Order granting Defendants' motion to dismiss in its entirety. (ECF No. 44.) The Court, however, granted Plaintiff leave to file an amended complaint. (*Id.* at 20.) The amended complaint was to be filed by April 9, 2020. (*Id.*) The Court warned Plaintiff that failure to file an amended complaint within the time allowed, and without good cause to excuse such failure, would result in dismissal of his claims with prejudice. (*Id.*)

    On July 9, 2020, the Court received Plaintiff's Amended Complaint dated May 19, 2020. (ECF No. 51.) The Court has also reviewed a letter from Plaintiff dated July 6, 2020, detailing difficulties he has encountered in prosecuting this action due to pandemic-related restrictions and

delays at Cape Vincent Correctional Facility, where Plaintiff is currently incarcerated, and requesting that the Court assign him *pro bono* legal counsel. (ECF No. 52.)

Unlike in criminal proceedings, the Court does not have the power to obligate attorneys to represent indigent *pro se* litigants in civil cases. *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 308–09 (1989). Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may, at its discretion, order that the *Pro Se* Office request an attorney to represent an indigent litigant by placing the matter on a list circulated to attorneys who are members of the Court's *pro bono* panel. *See Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007).

The Second Circuit set forth the standards governing the appointment of counsel in *pro se* cases in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60–62 (2d Cir. 1986). These cases direct the district courts to "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and then, if this threshold is met, to consider "secondary criteria," including the *pro se* litigant's "ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392 (quoting *Hodge*, 802 F.2d at 61–62). "Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and the Court should determine whether the *pro se* litigant's "position seems likely to be of substance," or shows "some chance of success." *Hodge*, 802 F.2d at 60–61.

At this early stage in the proceedings, there is no indication that Plaintiff's position is likely to be of substance or that there are particularly complex issues requiring the appointment of *pro*

*bono* counsel. Indeed, this Court recently issued an order dismissing the Complaint and granting Plaintiff leave to file an Amended Complaint consistent with the Court's order. (ECF No. 44.) Plaintiff has now filed an Amended Complaint, (ECF No. 51), but Defendants have not yet had an opportunity to respond. Accordingly, this action is still in its early stages. The Court is also unable to determine that Plaintiff is unable to handle this case without assistance, although this conclusion may change as the action continues. Therefore, because the Court does not find any circumstances which warrant the appointment of *pro bono* counsel at this time, Plaintiff's application is denied without prejudice to renewal at a later stage.

With respect to Plaintiff's filing of his Amended Complaint after the deadline imposed by the Court, the Court is cognizant of the difficulties Plaintiff may have faced in attempting to adhere to that deadline in light of the ongoing global pandemic and the many restrictions it has necessitated. Therefore, the Court accepts the Amended Complaint *nunc pro tunc* and directs Defendants to file their answers or otherwise respond on or before August 21, 2020.

The Clerk of the Court is respectfully directed to mail a copy of this Order to Plaintiff and show proof of service on the docket.

Dated:  July 14, 2020
        White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge