UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #: _____           │
│ DATE FILED: 9/4/2021                 │
└─────────────────────────────────────┘
```

JEROME BARNETT,

                            Plaintiff,

        -against-                                    No. 18-cv-2483 (NSR)
                                                     **OPINION & ORDER**

WESTCHESTER COUNTY, *et al.*,

                            Defendants.

NELSON S. ROMÁN, United States District Judge:

Plaintiff Jerome Barnett ("Plaintiff"), proceeding *pro se*, commenced this action, pursuant to 42 U.S.C. § 1983 ("Section 1983"), by the filing of his Complaint on April 1, 2018.  (ECF No. 1.)  In a previous Opinion dated February 28, 2020, the Court dismissed Plaintiff's Religious Freedom Restoration Act ("RFRA") and Religious Land Use and Institutionalized Person Act of 2000, 42 U.S.C. § 2000cc, *et seq.* ("RLUIPA") claims with prejudice, and dismissed Plaintiff's Section 1983 claims without prejudice.  (ECF No. 44.)  Plaintiff subsequently filed an Amended Complaint on July 9, 2020 asserting Section 1983, RLUIPA, and RFRA claims against Defendants Westchester County ("Westchester"), Commissioner Kevin Cheverko, Aramark Correctional Services, LLC ("Aramark"), Aramark Food Services Director Manual Mendoza, Kitchen Civilians Charles Butler and Coffey Kohli (collectively, "Defendants").   (*See* Plaintiff's Amended Complaint ("Am. Compl.") (ECF No. 51).)  Presently before the Court is the motion of Defendants to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6).  (ECF No. 59.) Plaintiff did not submit any opposition to the motion.  For the following reasons, Defendants' motion is GRANTED, and Plaintiff's Amended Complaint is dismissed *without prejudice*.

## BACKGROUND

### I.     Factual Allegations

The following facts are derived from the Amended Complaint or matters of which the Court may take judicial notice, are taken as true, and constructed in the light most favorable to *pro se* Plaintiff for the purposes of this motion.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016).

Plaintiff alleges that he is currently incarcerated at Cape Vincent Correctional Facility (Am. Compl. at 2[1]) and was previously incarcerated at Westchester County Jail ("WCJ") in or around 2017, where the events giving rise to this action occurred (*id.* at 4).  When he arrived at WCJ on February 10, 2017, he was informed by unspecified persons that "the foods that Aramark were serving inmates were still substandard, undercooked, rotted food, bread was stale or molded, and the food trays smell horrible from the water lodged in them."  (*Id.*)  On an unspecified date, Plaintiff concluded that "meal trays are not cleaned properly" and noticed that "trays still had food on them" and "meals were arriving cold from sitting in the halls waiting to be picked up."  (*Id.*)  Also on an unspecified date, Plaintiff "filed several informal grievances and complaints" and was told by unspecified "correction officers and sergeant [that] if [Plaintiff is] go[ing to] complaint, [then] don't come to prison."  (*Id.*)

Plaintiff identifies six dates "of occurrences"—February 10, 2017, February 11, 2017, February 15, 2017, October 15, 2017, October 30, 2017, and November 14, 2017—that give rise to his action, but largely fails to describe what events took place on those dates.  (*Id.*)  Nor does Plaintiff describe conduct engaged in by any of the individual defendants after referencing them

---

[1]        Plaintiff's Amended Complaint does not contain numbered paragraphs. Accordingly, citations to the Amended Complaint in this Opinion refer to the page(s) where the cited allegations are raised.

in the case caption and list of defendants.  As mentioned above, Plaintiff states that he was informed of negligent food practices upon his arrival on February 10, 2017.  He also alleges that, on an unspecified date in or around October 2017, he noticed that meatballs that he was served by an unspecified person were undercooked and pink, showed the meatballs to an unspecified housing unit officer, the officer logged the issue in a complaint book, and Plaintiff subsequently experienced gastric distress, diarrhea, and vomiting.  (*Id.*)  Afterwards, on unspecified dates, meals "continued to arrive undercooked . . . on dirty trays" and on a "number of times" he found hair in his meals.  (*Id.* at 5.)  Though Plaintiff identifies his current place of incarceration as Cape Vincent Correctional Facility, he simultaneously alleges that the food issues at WCJ are "an on-going problem, that happens almost every meal, every day" and given the repetitiveness of these issues "officers are tired of logging the same complaints" and "have an attitude when [asked Plaintiff] to log . . . complaint[s] in the book."  (*Id.*)

In connection with the above allegations, Plaintiff asserts "violation[s] of my rights as guaranteed by the First, Eighth, Fourteenth Amendments to the U.S. Const., RIUPA and RFRA" and claims injuries including "significant weight loss, extreme stomach pains and cramps, vomiting, nausea, hunger pains, [and] suffering headaches."  (*Id.*)  Plaintiff seeks compensatory, punitive, and special damages in an amount no less than $10,000,000, and preferably in the amount of $925,000,000.  (*Id.*)

## II.    Procedural History

Plaintiff Keith Hall filed his Complaint on April 2, 2018.  (*See* Complaint (ECF No. 1).)  Subsequently, by Opinion & Order dated February 28, 2020, the Court dismissed Plaintiff's RLUIPA and RFRA claims with prejudice and dismissed Plaintiff's Section 1983 without prejudice and with leave to replead.  (Opinion & Order dated February 28, 2020 ("Opinion") (ECF No. 44).)  Plaintiff filed his Amended Complaint on July 9, 2020.  Presently before the Court is

the motion of Defendants to dismiss the remaining claims against them in their entirety pursuant to Federal Rules of Civil Procedure 12(b)(6).   (ECF No. 59.)   Defendants submitted a memorandum in support of their motion.  (Defendants' Memorandum of Law in Support of their Motion to Dismiss ("Defs' Mem.") (ECF No. 60).)  Plaintiff did not oppose the motion.  This Opinion follows.

## LEGAL STANDARD

### I.   Fed. R. Civ. P. 12(b)(6)

On a Fed. R. Civ. P. 12(b)(6) motion, dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  When there are well-pleaded factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.  When a motion to dismiss a complaint is unopposed, a court should nevertheless "assume the truth of a pleading's factual allegations and test only its legal sufficiency." *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000).

The critical inquiry is whether the plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555.  A motion to dismiss will be denied where the allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

*Pro se* complaints are to be liberally construed.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). They must be held to less stringent standards than complaints written by lawyers, and only dismissed when the plaintiff can prove "no set of facts in support of his claim which would entitle him to relief." *Estelle*, 429 U.S at 106 (quoting *Conley v. Gibson*, 335 U.S. 41, 45–46 (1957)). This "is particularly so when the *pro se* plaintiff alleges that [his] civil rights have been violated."

4

*Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).  *Pro se* complaints must be interpreted as raising the strongest claims they suggest, but "must still state a plausible claim for relief." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013).

## II.       42 U.S.C. § 1983 Claims

Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."  42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010).  To state a claim under Section 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

### DISCUSSION

Read liberally, Plaintiff's Amended Complaint asserts three types of claims against Defendants. *First*, Plaintiff brings a *Monell* claim against Westchester and Aramark, based on an alleged failure to properly train and supervise their subordinates and a longstanding pattern of providing substandard food.  *Second*, Plaintiff nominally asserts a First Amendment claim against all Defendants but fails to assert any facts supporting such a claim.  *Third*, Plaintiff brings a claim for deliberate indifference to his conditions of confinement against all Defendants under the Fourteenth Amendment.

Separately, the Court notes that Plaintiff attempts to once against assert claims under RLUIPA and RFRA but, as these claims were dismissed with prejudice, Plaintiff cannot resurrect those claims in an Amended Complaint and they remain dismissed with prejudice. Finally, the Court notes that Plaintiff no longer appears to assert a claim for deprivation of his rights under the Equal Protection Clause which is no longer invoked or discussed or implicated by the allegations in the Amended Complaint.

The Court addresses the remaining claims below.

## I. Municipal Liability of Westchester and Aramark

In contrast to the Complaint, the Amended Complaint lacks any substance upon which the Court could even liberally infer what Plaintiff's underlying theory is as to liability under *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658 (1978). In any event, the Court concludes that Plaintiff has not asserted any facts upon which the Court could conclude that Defendants failed to adequately train employees or support conduct that amounted to a custom or policy under *Monell*.

A municipality, or private actor engaged in governmental action,[2] may not be held liable under Section 1983 on a *respondeat superior* theory solely because the municipality employs a tortfeasor. *Monell*, 436 U.S. at 691. Therefore, under *Monell*, a plaintiff must demonstrate "that

---

[2] Courts that have considered the issue have found that Aramark, in its capacity as a food provider at WCJ, can be viewed as a state actor for purposes of assessing *Monell* liability. *See, e.g.*, *Pagan v. Westchester Cty.*, No. 12 Civ. 7669(PAE)(JCF), 2014 WL 982876, at *23–24 (S.D.N.Y. Mar. 12, 2014). Indeed, this Court has previously explained that (1) "Aramark's 'seemingly private' behavior can be treated as that of the state given that the challenged action, proper food service, flows directly from the obligations of the government entity and is performed under its supervision," and (2) "Aramark, by providing meals to inmates, performs a 'public function' and therefore is a state actor." *Salgado v. DuBois*, No. 17-cv-6040 (NSR), 2019 WL 1409808, at *9 (S.D.N.Y. Mar. 28, 2019). The Court need not further explore this issue at this time because Aramark has permitted the Court to treat it as a state actor for purpose of this motion only. (Defs. Mem. at 10.)

the municipality itself caused or is implicated in the constitutional violation." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 125 (2d Cir. 2004). This generally requires a plaintiff to allege that "(1) an official custom or policy [] (2) subjected [him or her] to (3) a denial of a constitutional right." *Ferrari v. Cty. of Suffolk*, 790 F. Supp. 2d 34, 40 (E.D.N.Y. 2011); *see also Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008) ("In order to prevail on a claim against a municipality under [S]ection 1983 based on acts of a public official, a plaintiff is required to prove: (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury."). To establish an official custom or policy, a plaintiff must allege

> (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees.

*White v. Westchester Cty.*, No. 18-CV-730 (KMK), 2018 WL 6726555, at *10 (S.D.N.Y. Dec. 21, 2018) (quoting *Brandon v. City of New York*, 705 F. Supp. 2d 261, 276–77 (S.D.N.Y. 2010)).

*Failure to Train*: Where municipal liability is based on a failure to train employees, the inadequate training must "reflect[] deliberate indifference to . . . constitutional rights." *City of Canton v. Harris*, 489 U.S. 378, 392 (1989). To prove deliberate indifference, a plaintiff must properly plead (1) "that a policymaker knows 'to a moral certainty' that her employees will confront a given situation"; (2) "that the situation either presents the employee with a difficult choice of the sort that training or supervision will make less difficult or that there is a history of employees mishandling the situation"; and (3) "that the wrong choice by the . . . employee will frequently cause the deprivation of a citizen's constitutional rights." *Okin v. Vill. of Cornwall-On-*

*Hudson Police Dep't*, 577 F.3d 415, 440 (2d Cir. 2009) (citing *Walker v. City of New York*, 974 F.2d 293, 297–98 (2d Cir. 1992)).  Here, Plaintiff does not mention any failure by Westchester or Aramark to properly train and supervise its employees or contractors with respect to food safety. As this Court previously advised Plaintiff that it was insufficient to make a conclusory assertion that Defendants improperly trained their employees (Opinion at 7), it follows that he fails to plausibly plead a failure to train where he does not even attempt to make any allegations regarding the training and supervision of food service providers.

> *Unofficial Policy or Custom*:  If a plaintiff is premising *Monell* liability on an unofficial policy or custom, the practice, custom, or usage must be so widespread and so persistent that it has the force of law.  *Goode v. Westchester Cty.*, No. 18-cv-2963 (NSR), 2019 WL 2250278, at *3 (S.D.N.Y. May 24, 2019).  Here, Plaintiff, at best, attempts to establish that Defendants' conduct is consistent and widespread by alleging that issues with food service "is an on-going problem, that happens almost every meal, everyday."  (Am. Compl. at 5.)  However, this allegation is even less suggestive of actionable conduct than Plaintiff's conclusory claim in the Complaint that Westchester and Aramark "allowed for a longstanding pattern of substandard food" at WCJ. (Compl ¶ 40.)  As the prior more directly relevant (but conclusory) allegation was insufficient to plausibly allege a municipal policy or custom, it follows that Plaintiff's even less relevant conclusory allegation about the quality of meals is insufficient to establish a municipal policy or custom.

In sum, Plaintiff has failed to adequately allege the existence of an official policy or its equivalent, and has fared even worse than in his initial pleadings.  Defendants' motion to dismiss Plaintiff's claims against Defendants Westchester, Aramark, and individual defendants sued in their official capacity, is GRANTED, and those claims are dismissed without prejudice.

## II.        Personal Involvement

Defendants argue that Plaintiff's claim fails for the additional reason that Plaintiff did not allege personal involvement on the part of any Defendant in the decision to defer his surgery.  The Court agrees.

In general, "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."  *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977).  "[A] defendant in a § 1983 action may not be held liable for damages for constitutional violations merely because he [or she] held a high position of authority."  *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996); *see also Grullon v. City of New Haven*, 720 F.3d 133, 138–39 (2d Cir. 2013).  Personal involvement of a supervisory defendant may be shown by evidence of any of the following factors (the "*Colon* factors"):

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Grullon*, 720 F.3d at 139 (quoting *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)).  Notably, "mere 'knowledge and acquiescence'" to unconstitutional conduct, or mere failure to act on a complaint, without more, fails to state a claim under Section 1983.  *Faulk v. N.Y.C. Dep't of Cor.*, No. 08-CV-1668(LGS), 2014 WL 239708, at *10 (S.D.N.Y. Jan. 21, 2014); *Mateo v. Fischer*, 682 F. Supp. 2d 423, 430 (S.D.N.Y. 2010) ("[T]he receipt of letters or grievances, by itself, does not amount to personal involvement.").

Here, Plaintiff fails to allege any conduct engaged in by any of the named individual defendants, and the only place their names appear in the Amended Complaint is in the case caption

or list of defendants.  Simply naming individuals as defendants and including them in the case caption is insufficient to plausibly allege a Section 1983 claim.  *See, e.g.*, *Iwachiw v. New York State Dep't of Motor Vehicles*, 299 F. Supp. 2d 117, 121 (E.D.N.Y. 2004) ("[W]here the complaint names a defendant in the caption but contains no allegations indicating exactly how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted") (citations omitted)), *aff'd*, 396 F.3d 525 (2d Cir. 2005).

Accordingly, the facts are far from sufficient to support Defendants' personal involvement in any constitutional deprivation, and each of his claims against Kevin Cheverko, Manual Mendoza, Charles Butler, and Coffey Kohli in their individual capacities are dismissed without prejudice.  Should Plaintiff elect to file an amended complaint, this deficiency must be cured.

## III.     Sufficiency of Plaintiff's Claims

Even if the Court had concluded that Plaintiff established the personal involvement of the individual defendants or that Westchester County and Aramark could be held liable under *Monell*, it would still conclude that Plaintiff has failed to state any claim upon which relief can be granted.

### A.     Free Exercise Claim

Plaintiff nominally asserts a free exercise claim by, in sum, alleging a "violation of my rights as guaranteed by the First . . . Amendment[.]"  (Am. Compl. at 5.)  Defendants argue that "Plaintiff does not set forth any facts in his Amended Complain[t] that can reasonably be construed as a First Amendment violation."  (Defs' Mem. At 9.)  The Court agrees with Defendants.

To establish a free exercise claim, an inmate must typically plead that he or she had a sincerely held religious belief that was substantially burdened by conduct that was not reasonably related to a legitimate penological interest.  *Corbett v. Annucci*, No. 16-cv-4492 (NSR), 2018 WL 919832, at *3 (S.D.N.Y. Feb. 13, 2018) (citing *Turner v. Sidorowicz*, No. 12-CV-7048 (NSR), 2016 WL 3938344, at *5 (S.D.N.Y. July 18, 2016); *Holland v. Goord*, 758 F.3d 215, 220–23 (2d

Cir. 2014)).  "[A]n individual claiming violation of free exercise rights need only demonstrate that the beliefs professed are sincerely held and in the individual's own scheme of things, religious." *Ford v. McGinnis*, 352 F.3d 582, 588 (2d Cir. 2003).

In its previous Opinion, this Court concluded that "Plaintiff has not alleged that he has a sincerely held religious belief that was violated by the quality of meals he received" because "Plaintiff openly admits that he pretended to be Jewish only so that he could receive what he thought would be higher quality meals."  (Opinion at 14.)  In other words, Plaintiff previously identified a religious belief that might have been violated by the quality of meals he was served but failed to assert a plausible claim because he admitted that his "beliefs" were not sincerely held. In the Amended Complaint, Plaintiff does not identify any religion that he purports to observe. The Amended Complaint is even less plausible than the Complaint because Plaintiff no longer even asserts an insincerely held religious belief.  Accordingly, Defendants' motion to dismiss Plaintiff's free exercise claim is GRANTED, and the claim is dismissed without prejudice.

B.    *Conditions of Confinement Claim*

To set forth a Section 1983 conditions-of-confinement claim under the Fourteenth Amendment, a plaintiff must show that an individual "acted with deliberate indifference to the challenged conditions."  *See Sanders v. City of New York,* No. 16 Civ. 7426 (PGG), 2018 WL 3117508, at *6 (S.D.N.Y. June 25, 2018).  This deliberate indifference test for a pretrial detainee contains an objective prong and a *mens rea* prong.  *Darnell v. Pieiro*, 849 F.3d 17, 29 (2d Cir. 2017).  Likewise, where deliberate indifference claims are brought by pretrial detainees, as is the case here,[3] such claims are analyzed under the Due Process Clause of the Fourteenth Amendment,

---

[3]    It is unclear whether Plaintiff's claims are predicated upon conduct that occurred while he was a pre-trial detainee or a post-conviction inmate.  On the one hand, Plaintiff identifies himself as a convicted and sentenced prisoner in his Amended Complaint form.  (Am. Compl. at 2.)  On the other hand, Plaintiff previously asserted that he was a pretrial detainee at

rather than under the Eighth Amendment, because "pretrial detainees have not been convicted of a crime and thus 'may not be punished in any manner—neither cruelly and unusually nor otherwise.'" *Id.* (internal alterations omitted).

The objective prong requires that the "deprivation at issue be, 'in objective terms, sufficiently serious.'" *Simmons v. Mason*, No. 17-CV-8886 (KMK), 2019 WL 4525613, at *9 (S.D.N.Y. Sept. 18, 2019).  A plaintiff "must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health." *Darnell*, 849 F.3d at 30. "There is no 'static test' to determine whether a deprivation is sufficiently serious; instead, 'the conditions themselves must be evaluated in light of contemporary standards of decency.'" *Id.* at 29 (quoting *Blissett v. Coughlin*, 66 F.3d 531, 537 (2d Cir. 1995)).

As relevant here, the Constitution "require[s] that prisoners be served 'nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it.'" *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983) (quoting *Ramos v. Lamm*, 639 F.2d 559, 571 (10th Cir. 1980), *cert. denied*, 450 U.S. 1041 (1981)).  Courts have held that "allegations that a prisoner was served food contaminated or tainted by foreign objects" may satisfy the objective prong of the deliberate indifference test.  *See Crispin v. Westchester Cty.*, No. 18 CV 7561 (VB), 2019 WL 2419661, at *3 (S.D.N.Y. June 10, 2019) (quoting *Ballard v. Lane*, No. 18-cv-1721 (AJN), 2019 WL 1129158, at *2 (S.D.N.Y. Mar. 12, 2019)).

Under the *mens rea* prong, "a plaintiff must plausibly allege that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care

---

WCJ in his Complaint.  (Compl. ¶ 14.)  In an abundance of caution the Court analyzes Plaintiff's claims pursuant to the more plaintiff friendly standard accorded to pre-trial detainees.

to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Strange v. Westchester Cty. Dep't of Corr.*, No. 17-CV-9968 (NSR), 2018 WL 3910829, at *2 (S.D.N.Y. Aug. 14, 2018) (internal quotations omitted).  This standard is "defined objectively" and "can be violated when an official does not have subjective awareness that the official's acts . . . have subjected the detainee to a substantial risk of harm." *Darnell*, 849 F.3d at 30.

Plaintiff alleges that he received undercooked meatballs on several occasions, that the food trays regularly contain old food from previous meals, and that he found hair in his meals on multiple occasions.  (Am. Compl. at 4-5.)  Plaintiff further alleges that he became sick after eating undercooked meatballs and subsequently sought medical treatment for his ailments, which included, *inter alia*, weight loss, stomach pains and cramps, vomiting/nausea, daily hunger pains, and headaches.  (*Id.*)  Drawing all reasonable inferences in Plaintiff's favor, the Court concludes that Plaintiff has sufficiently alleged that he was exposed to conditions that "plausibly posed an unreasonable risk of serious damage to [P]laintiff's health." *See, e.g., Adeghe v. Westchester Cty.*, No. 18 CV 7912 (VB), 2019 WL 4142470, at *3 (S.D.N.Y. Aug. 30, 2019) (concluding that plaintiff satisfied objective prong of deliberate indifference test by alleging that "he was served food contaminated with plastic tray chippings, hair, flies, and mold; that his food was undercooked, and that he has been consistently ill as a result of the food, including suffering diarrhea, vomiting, fatigue, and more"); *Crispin*, 2019 WL 2419661 at *3 (concluding that plaintiff satisfied objective prong of deliberate indifference test by alleging (1) "that on at least twenty occasions, his meal tray contained raw and bloody meat—food that is nutritionally inadequate, to say the least," (2) that "he was served food contaminated with mold and tainted with plastic chips," both resulting in various ailments).

Plaintiff, however, has failed to meet the *mens rea* prong of the deliberate indifference test. Plaintiff claims that: (1) he "filed several informal grievances and complaints" of an unknown subject matter and that unspecified officers told him not to complain, (2) he complained to an unspecified housing unit officer who witnessed his undercooked meatball, and (3) that unspecified officers "are tired of logging the same complaints." (Am. Compl. at 4-5.) Based on those allegations, Plaintiff fails to assert any affirmative conduct, omission, knowledge possessed by, or knowledge that should have been possessed by any of the defendants, and accordingly has not plausibly alleged that any defendant acted with deliberate indifference. As in *Adeghe*, the *mens rea* prong is not satisfied because Plaintiff failed to allege that any defendants "serv[ed] [P]laintiff the allegedly inadequate food" much less that they "prepared or served plaintiff the food that made him sick, w[ere] present on the occasions when plaintiff was served that food, or knew of any instance on which plaintiff was allegedly served inadequate food either before or after the fact." 2019 WL 4142470 at *4.

Since Plaintiff has not provided any allegation indicating that any of the Defendants acted intentionally to impose unsanitary food service, or recklessly failed to act with reasonable care, his deliberate indifference claim fails. Accordingly, the Court GRANTS Defendants' motion to dismiss that claim without prejudice and with leave to replead.

IV.     **Leave to Amend**

Generally pro se plaintiffs are allowed an opportunity to amend their complaint before the Court will dismiss it with prejudice. *Owens v. N.Y.C. Dep't of Sanitation*, No. 11-CV-8297, 2013 WL 150245, at *3 (S.D.N.Y. Jan. 15, 2013) ("[A] court should grant leave to amend [to a pro se litigant] at least once before dismissing [a complaint] with prejudice"); *Breer v. Maranville*, No. 12-CV-0053, 2012 WL 6597707, at *3 (D. Vt. Nov. 27, 2012) ("The Second Circuit has cautioned that district courts should not dismiss pro se complaints with prejudice without granting leave to

amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."). Though this Court has already afforded Plaintiff an opportunity to amend his complaint, it appears Plaintiff significantly misunderstood the legal import of amending a complaint. Indeed, Plaintiff's Amended Complaint is far less detailed and does not address any of the deficiencies identified in the Opinion. Plaintiff will be given another chance to further amend his complaint. To the extent that Plaintiff elects to file a Second Amended Complaint he should bear in mind that the Second Amended Complaint will replace not supplement the First Amended Complaint so any claims, facts, or attachments that Plaintiff wishes the Court to consider must be within or attached to the Third Amended Complaint.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. Plaintiff's remaining claims are dismissed without prejudice and with leave to replead. Plaintiff may file a Second Amended Complaint consistent with this Opinion on or before October 21, 2021. An Amended Civil Rights Complaint form is attached to this Order. Failure to file an Amended Complaint within the time allowed, and without good cause to excuse such failure, will result in dismissal of Plaintiff's Complaint with prejudice.

The Clerk of the Court is respectfully directed to terminate Defendants' Motion to Dismiss at ECF No. 59. The Clerk of the Court is further directed to mail a copy of this Opinion to Plaintiff at his last address listed on ECF and show proof of service on the docket.

Dated: September 4, 2021                                    SO ORDERED:
         White Plains, New York

                                            _____
                                               NELSON S. ROMÁN
                                              United States District Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

\_\_\_\_\_CV_____

(Include case number if one has been assigned)

-against-

## SECOND AMENDED COMPLAINT

Do you want a jury trial?
☐ Yes   ☐ No

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore _not_ contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include _only_: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 2/10/17

## I.  BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐  **Federal Question**

☐  **Diversity of Citizenship**

## A.  If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.  If you checked Diversity of Citizenship

### 1.  Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____, is a citizen of the State of

(Plaintiff's name)

_____

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____
First Name                    Middle Initial        Last Name

_____
Street Address

_____
County, City                             State                 Zip Code

_____
Telephone Number                        Email Address (if available)

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

    First Name                  Last Name

    _____

    Current Job Title (or other identifying information)

    _____

    Current Work Address (or other address where defendant may be served)

    _____

    County, City                  State          Zip Code

Defendant 2: _____

    First Name                  Last Name

    _____

    Current Job Title (or other identifying information)

    _____

    Current Work Address (or other address where defendant may be served)

    _____

    County, City                  State          Zip Code

Defendant 3: _____

    First Name                  Last Name

    _____

    Current Job Title (or other identifying information)

    _____

    Current Work Address (or other address where defendant may be served)

    _____

    County, City                  State          Zip Code

Defendant 4: _____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State                    Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

| |
|---|
| Street Address |

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.